IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

ANGEL SOLANO-FIERRO,

           Petitioner,

vs.

UNITED STATES OF AMERICA,

           Respondent.

No. C16-4083-MWB
No. CR12-4060-MWB

**INITIAL REVIEW ORDER**

## I.    INTRODUCTION AND BACKGROUND

Petitioner Angel Solano-Fierro's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody requires me to determine whether, as Solano-Fierro claims, he is entitled to relief under the United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557-58 (2015). In J*ohnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violates due process because it is unconstitutionally vague.[1] The Supreme Court has held that the *Johnson*

---

[1]The ACCA authorizes enhanced penalties for defendants who have three or more prior convictions for "violent felonies" committed on different occasions. 18 U.S.C. § 924(e)(1). The ACCA defines three categories of offenses as violent felonies. First, violent felonies include all "offense[s] that ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Second, violent felonies include four enumerated offenses: burglary, arson, extortion, and offenses "involv[ing] use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). Finally, violent felonies include offenses "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." *Id*. This third category is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556.

decision is retroactive because it announced a new substantive rule of constitutional law. *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).

Solano-Fierro's § 2255 motion is specifically before me for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

28 U.S.C. § 2255 Rule 4(b).

### A.     *Criminal Case Proceedings*

On May 23, 2012, an Indictment was returned against Solano-Fierro, and two co-defendants, charging him with conspiring to distribute 500 grams or more of methamphetamine which contained at least 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1), distributing a mixture or substance containing methamphetamine which contained 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Count 4), distributing 50 grams or more of methamphetamine which contained at least 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 6), and possessing, and aiding and abetting another in the possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 7).

On October 29, 2012, Solano-Fierro appeared before then United States Magistrate Judge Leonard T. Strand and entered a plea of guilty to Counts 1, 4, and 6 of the

Indictment.[2]  Judge Strand filed a Report and Recommendation in which he recommended that Solano-Fierro's guilty plea be accepted.  On this same day, I accepted Solano-Fierro's guilty plea.

At Solano-Fierro's sentencing, on February 14, 2013, the prosecution presented the testimony of Solano-Fierro's co-defendants that Solano-Fierro had a handgun in his jacket during a methamphetamine deal, that he possessed the handgun for protection and security, and that, while he conducted deals from his home, he kept the gun in sight on the table.  Additionally, evidence was introduced that law enforcement officers seized a handgun from Solano-Fierro's home.  Sentencing Tr. at 5-19.  In light of this evidence, I increased Solano-Fierro's offense level by two points, pursuant to United States Sentencing Guideline § 2D1.1(b)(1),  for possessing a firearm while committing the charged offenses.  Sentencing Tr. at 22; *see United States v. Garcia*, 703 F.3d 471, 475–77 (8th Cir. 2013) (holding that it was not clearly improbable that the weapon was connected to the drug offense when guns were located in the home where drug deals took place).  Therefore, I concluded that Solano-Fierro's total offense level was 40 and that he was a criminal history category I.   The resulting advisory guidelines sentence was 292 to 365 months' incarceration. I then took up Solano-Fierro's Motion for Downward Variance.  In arguing for a downward variance, Solano-Fierro's attorney specifically pointed out Solano-Fierro's lack of a criminal history, his long-time methamphetamine addiction, and his attempt to cooperate with the prosecution.  I denied Solano-Fierro's motion.  I found that the nature and circumstances of the offenses outweighed any of the mitigating factors.  Sentencing Tr. at 29.  I sentenced Solano-Fierro to 292 months' imprisonment on each count, to be served concurrently, and five years of supervised release on each count, all to run concurrently.

---

[2] On February 11, 2016, Judge Strand was confirmed as a United States District Court Judge for the Northern District of Iowa, and is now Chief Judge in the Northern District of Iowa.

Solano-Fierro appealed his conviction. In his appeal, Solano-Fierro contended that I erred in increasing his sentencing offense level by two points for possessing a firearm while committing the charged offenses. The Eighth Circuit Court of Appeals denied Solano-Fierro's appeal. *See United States v. Solano-Fierro*, 536 Fed. App'x 666, 667 (8th Cir. 2013). The court of appeals concluded the prosecution had proved that the gun was connected to the offense within the meaning of United States Sentencing Guidelines Manual § 2D1.1(b)(1) and, therefore, found that my applying the two-level increase was warranted. *Id.*

### B.     *Petitioner's First § 2255 Motion*

Solano-Fierro subsequently filed a Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. *See Solano-Fierro v. United States,* C14-4001-MWB (docket no. 1). In that § 2255 motion, Solano-Fierro alleged the following claims: (1) that I erroneously increased his sentencing offense level by two points for possessing a firearm while committing the charged offenses; (2) that the drug quantity that I found at his sentencing violated the United States Supreme Court's decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013); and (3) his counsel provided ineffective assistance by (a) failing to object to my drug quantity determination; (b) failing to object to my applying a three level sentencing enhancement, pursuant to United States Sentencing Guideline § 3D1.1(b); (c) failing to properly advise Solano-Fierro regarding how the dismissal of Count 7 would affect his sentencing guidelines range; (d) failing to properly research the law before Solano-Fierro's guilty plea concerning the determination of who qualifies as conspiracy participants; (e) failing to seek the possibility of a written plea agreement; (f) failing to object to the unconstitutional aggravating factors; and (g) failing to raise all issues on direct appeal.

After the appointment of counsel and briefing, I denied Solano-Fierro's § 2255 motion. *See Solano-Fierro v. United States,* C14-4001-MWB (docket no. 29). Solano-Fierro did not appeal that decision.

## II. LEGAL ANALYSIS

Section 2255 requires petitioners to seek approval from the court of appeals to file a second or successive petition. *See* 28 U.S.C. § 2255(h). I must dismiss, for lack of subject matter jurisdiction, any successive petition that is filed without a federal circuit court of appeals's permission. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision); *United States v. Bailey*, 514 Fed. App'x 835, 836 (11th Cir. 2013) (noting that "[a] prisoner may not . . . file a second or successive petition under § 2255 unless and until we grant certification. Absent such permission, the district court lacks jurisdiction to address the petition and must dismiss it.") (citations omitted); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (instructing that "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.") (emphasis in original); *see also United States v. Davis*, 524 Fed. App'x 389, 390 (10th Cir. 2013) (noting that "[a] prisoner may not file a second-or-successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion."). Here, because I have already denied Solano-Fierro's original § 2255 motion on the merits, his current § 2255 motion is an unauthorized, successive § 2255 motion over which this court lacks jurisdiction. *See Boykin*, 242 F.3d 373, 2000 WL 1610732, at *1; *see also Hill v. Solano-Fierro*, 349 F.3d 1089, 1090 (8th Cir. 2003) ("Before a trial court may consider a second or successive § 2255 motion . . . . a petitioner must obtain permission from the court of appeals."). Accordingly, Solano-Fierro's § 2255 motion is denied without prejudice.

### *III.    CONCLUSION*

For the reasons discussed, above, Solano-Fierro's motion under 28 U.S.C. § 2255 is dismissed without prejudice.

**IT IS SO ORDERED**.

**DATED** this 27th day of February, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA